**FILED**

NOV 29 2011

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

**DAWN HOLEMAN** and **FREDERICK HICKS**,

Plaintiffs,

v.

**SWENSON PARTNERSHIP, and its Partners TODD SWENSON and JILL SWENSON, and SCOTT WENZEL**,

Defendants.

Civil No. 11-3029

**COMPLAINT**

Plaintiffs, Dawn Holeman ("Holeman") and Frederick Hicks ("Hicks"), for their causes of action against Defendants, Swenson Partnership and its Partners, Todd Swenson and Jill Swenson (collectively "Swenson Partnership") and Scott Wenzel ("Wenzel"), allege:

## INTRODUCTION

On July 20, 2010, Wenzel was heading westbound on U.S. Highway 18. He was hauling an oversized load with a semi-truck owned by Swenson Partnership. At the time, Paige Hicks ("Paige") had stopped her bike and moved off to the shoulder of Highway U.S. 18. Wenzel operated his oversized load in a manner that it struck Paige resulting in her death.

## PARTIES

1. Plaintiff Holeman is a citizen and resident of St. Louis County, Missouri.

2. Plaintiff Hicks is a citizen and resident of St. Louis County, Missouri.

3. Plaintiffs are the parents of decedent Paige Hicks, and this action is brought on her behalf under the authority of Mo. Rev. Stat. §537.080(1)(2011), Missouri's wrongful death statute.

4. Plaintiffs have standing to prosecute this wrongful death action pursuant to the provisions of Mo. Rev. Stat. §537.080(1)(2011), in that Paige was unmarried, has no children, and they therefore, are the sole persons entitled to recover under §537.080(1) (2011).

5. Defendant Swenson Partnership is a South Dakota partnership in good standing. Defendants Todd Swenson and Jill Swenson are partners of Swenson Partnership.

6. Defendant Wenzel is a citizen and resident of Jerauld County, South Dakota. He is an employee of Swenson Partnership. At all pertinent times, he was acting in the scope and course of his employment and/or agency for defendant Swenson Partnership.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 in that the parties to this matter are of diverse citizenship and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

8. Venue in this action is in the District of South Dakota, pursuant to 28 U.S.C. § 1391 as the accident giving rise to this claim occurred in this district.

## COUNT I

### (Negligence)

9. Plaintiffs reallege the allegations in paragraphs 1 – 8 as if fully set out here.

10. On or about July 10, 2010, Paige was traveling west bound on US Highway 18 at mile marker 181, near Vital, Todd County, South Dakota on a bicycle. Paige was participating in a Habitat for Humanity project called "Bike & Build," during her summer break from Brown University where she had just completed her junior year. She stopped on the shoulder of the highway.

11. Wenzel was driving west bound on U.S. Highway 18 near mile marker 181, operating a semi-truck owned by Swenson Partnership. The semi-truck was hauling a large oversized load, a combine, which hung off the roadway onto the shoulder.

12. Wenzel negligently and carelessly caused the semi-truck to be operated in an unsafe manner due to his inattention.

13. The combine struck Paige, causing her fatal injuries. The collision was directly and proximately caused by the careless and negligent acts and omissions of Wenzel in that:

    a. Wenzel failed to keep a proper lookout for persons on the shoulder of U.S. Highway 18.

    b. Wenzel failed to stop his vehicle or slacken his speed when approaching Paige, after he saw or should have seen that she was on the shoulder of U.S. Highway 18, and he knew his load extended onto the shoulder of U.S. Highway 18.

    c. Wenzel failed to sound his horn to warn Paige that his vehicle was approaching.

    d. Wenzel failed to have a scout car to warn him of persons or vehicles ahead of him which would be in peril by the approaching oversized load which extended into the traffic lane and shoulder of U.S. Highway 18.

    e. Wenzel allowed the oversized load of his vehicle to overhang far enough over the highway and onto the shoulder that it struck Paige.

14. Because of the death of Paige, Plaintiffs have been and in the future will be deprived of her services, support, companionship, comfort, guidance, counsel and training. Plaintiffs have also incurred burial and other expenses as a direct result of the negligence of Defendants.

15. By reason of the foregoing, Plaintiffs have been damaged and are entitled to an award of fair and reasonable damages against Defendants.

## COUNT II

### (Negligence Per Se)

16. Plaintiffs reallege the allegations in paragraphs 1 – 15 as if fully set out here.

17. The above collision was directly and proximately caused by the carelessness and negligent violation of:

    a. SDCL 32-25-3 and applicable regulations in that Wenzel did not operate Swenson Partnership's semi-truck in a careful and prudent manner.

    b. SDCL 32-24-1 and applicable regulations in that Wenzel did not keep a proper lookout for others while operating Swenson Partnership's semi-truck.

    c. SDCL 32-24-8 and applicable regulations in that Wenzel did not operate Swenson Partnership's semi-truck in a careful or prudent manner.

    d. SDCL 32-26-6 and applicable regulations in that Wenzel failed to ensure that his vehicle was driven in a manner that caused it to travel outside his lane of traffic without first ascertaining whether he could do so in a careful and prudent manner.

18. As a direct and proximate result of Defendants' violation of the above South Dakota statutes, as well as the county and municipal ordinances applicable to it, Plaintiffs' daughter, Paige, was killed.

19. As a direct and proximate result of Defendants' negligence, Plaintiffs are and will forever be deprived of their daughter's services, support, companionship, comfort, guidance and counsel. Plaintiffs have also incurred medical and burial expenses as a direct result of the negligence of Defendants.

4

WHEREFORE, Plaintiffs, Dawn Holeman and Frederick Hicks, pray for judgment against Defendants, Swenson Partnership, its partners Todd Swenson and Jill Swenson, and Scott Wenzel, jointly and severally for:

A. A fair and reasonable amount of actual and general damages, which exceed $75,000.

B. Pre-judgment interest.

C. For their costs incurred.

D. Such other and further relief which may in the premises be just and proper.

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL COUNTS**

Dated this 28th day of November, 2011.

**BARKER WILSON LAW FIRM, LLP**

By: _____
Kenneth E. Barker
211 Zinnia Drive
P. O. Box 100
Belle Fourche, SD 57717-0100
kbarker@barkerwilsonlaw.com
Tel: (605) 723-8000
Fax: (605) 723-8010

Pro Hac Vice Counsel:    CAREY, DANIS & LOWE
Jeffrey J. Lowe  (E.D. Mo. 35114)
8235 Forsyth, Suite 1100
St. Louis, Missouri 63105
(314) 678-3400
Fax: (314) 678-3401
jeff@jefflowepc.com

Attorneys for Plaintiffs